[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT CITY OF WATERBURY'S CORPORATION COUNSEL MOTION TO DISMISS AS TO MICHAEL SCATENA
Michael Scatena ("Plaintiff"), who appears pro se and is an inmate of the Department of Corrections, seeks declaratory and injunctive relief ordering the City of Waterbury's Corporation Counsel ("defendant") to release records of the Waterbury Police Department. Specifically, the plaintiff seeks production of any and all records pertaining: Michael Scatena, Anthony Scatena, Judith Scatena, Magadelena Vargas, or the address of 430 Wilson Street in Waterbury.
Plaintiff asserts that this information is essential to the appeal of his criminal conviction. In the Waterbury Superior Court the plaintiff plead nolo contendre and was convicted on charges of Harassment in the Second Degree, General Statute § 53a-183, and Tampering with a Witness, General Statute § 53a-151. Plaintiff brings this claim under the Connecticut Freedom of Information Act, General Statutes § 1-210
("FOIA"), et seq.
In its motion to dismiss, defendant asserts that this court does not have subject matter jurisdiction over plaintiff's claim because the CT Page 7360 plaintiff has not exhausted his administrative remedies. Specifically, the defendant argues that plaintiff has failed to file an appeal with the FOIC contesting the City's alleged failure to provide him with the requested documents. In response, plaintiff claims that an appeal to the FOIC is futile because as an inmate of the Department of Correction, he is prohibited by FOIC rules from attending any Commission hearing. Defendant counters that the plaintiff was not barred from appealing to the FOIC, simply that the FOIC does not have the authority to transport a prisoner to the FOIC for appeal hearings.
The following additional facts are relevant to this dispute. The FOIC recommended that the plaintiff appoint a third party to represent him in the appeal process. The FOIC further notified the plaintiff that there is no requirement that the designated third party be a lawyer or member of the legal profession. The plaintiff has not pursued this option.
Defendant relies on Pet v. Department of Social Services,207 Conn. 346, 350-351, 542 A.2d 672 (1988) to support its argument that the plaintiff must exhaust his administrative remedies in order for the Superior Court to obtain subject matter jurisdiction over this action. InPet, a psychiatrist sought injunctive relief in the Superior Court against the Connecticut Department of Health Services. The plaintiff was engaged in disciplinary hearings with the Department of Health Services when he filed the suit for relief. At that time, Pet still had at least two more levels of administrative hearings to exhaust within the Department of Health Services. The court in Pet ruled that the plaintiff's failure to exhaust the remaining administrative remedies deprived the court of subject matter jurisdiction, and dismissed the suit.
It is axiomatic that administrative remedies must be exhausted in order to confer subject matter jurisdiction on the court. "It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." Connecticut Life Health Ins.Guaranty Assn. v. Jackson, 173 Conn. 352, 358-59, 377 A.2d 1099 (1977). Courts have created an exception to the exhaustion doctrine in those instances where the remaining administrative remedies are "inadequate or futile." (Cahill v. Board of Education of City of Stamford,198 Conn. 229, 235, 502 A.2d 410, 418 (1985). The principle of futility, as an exception to the exhaustion doctrine, exists only when a plaintiff can show that availing himself of the available administrative remedy would be useless and not that the logistics of the remedy would be burdensome. (Id., 198 Conn. 229, 235, 502 A.2d 410, 418 (1985).)
The plaintiff has not exhausted his administrative remedies. CT Page 7361 Accordingly, the motion to dismiss is granted.
So ordered.
ROBERT L. HOLZBERG, J.